UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MIRA NIKOLIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:10 CV 406 |
| | ) |
| ST. CATHERINE HOSPITAL, | ) |
| | ) |
| Defendant. | ) |

### OPINION and ORDER

Defendant moved first to dismiss for failure to state a claim or for a more definite statement (DE 5), and then to dismiss for failure to prosecute (DE 11). For the reasons set forth below, the former motion is granted in part and denied in part, and the latter motion is denied.

### I. BACKGROUND

Unrepresented by counsel, Plaintiff Mira Nikolic on October 12, 2010, filed a one-count workplace discrimination lawsuit under Title VII of the amended Civil Rights Act of 1964 ("Title VII"). (DE 1.) Plaintiff alleges a female coworker at Defendant St. Catherine Hospital punched her, and that her colleagues and supervisor "continuously harassed" her, all because of her Serbian national origin. (DE 1 at 2-3.)

The complaint and Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination ("Charge") assert as follows in support of Plaintiff's case: Plaintiff started working at the hospital in October of 2004, as a cook. (DE 1 at 5.) Ten months later, her coworkers and supervisor, Geneva Patterson, began to harass her

because of her national origin. (DE 1 at 2-3.) The harassment was "continuous[]" at least until October 8, 2010, the date Plaintiff signed the complaint. (*Id.* at 2-3.) "In June of 2008 a co-worker physically assaulted [Plaintiff] with her fist by striking [Plaintiff] in [the] arm." (*Id.*) And "[o]n or around July 15, 2009, co-worker Ethel Clark (African American) made fun of [Plaintiff's] Eastern European accent because [Plaintiff] was trying to explain [herself] during an incident where [Plaintiff] was wrongfully suspended."(DE 1 at 5.)

By its first motion, filed November 2, 2010, Defendant attacked the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure[1] and alternatively moved for a more definite statement under Rule 12(e). (DE 5.) Defendant argues the complaint does not go far enough in spelling out the facts and legal basis for liability. (*Id.*; DE 6.)

Continuing *pro se*, Plaintiff filed a letter with the Court on December 8, 2010, asking for an opportunity to speak in front of the court, call witnesses, and show documentation regarding her claim. (DE 8.)

Defendant did not receive service of Plaintiff's filing, and argues it suffered from a number of procedural and evidentiary defects. (DE 9, 10.) On those grounds, Defendant moved to strike Plaintiff's December 8, 2010, filing. (*Id.*) Defendant has also moved the Court to dismiss the whole case for failure to prosecute under Rule 41(b),

---

[1] The capitalized words "Rule" and "Rules" refer to the Federal Rules of Civil Procedure throughout this opinion and order.

pointing out that from December 9, 2010, until Defendant's June 14, 2011, motion, "no action or communication" occurred within the case. (DE 11 at 3.)

The case was reassigned to this Court on August 31, 2011.

## II.     ANALYSIS

### A.     Defendant's Motion to Dismiss for Failure to Prosecute

Defendant asks the Court for a dismissal for failure to prosecute, noting Plaintiff has taken no action since she submitted her letter requesting an opportunity to be heard and present evidence. (DE 11.)

But that "is a harsh sanction which should usually be employed only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983). In *Webber*, the Seventh Circuit overruled the district court's dismissal for failure to prosecute an 18-month-old case even though a delay of the trial had been "undoubtedly plaintiff's fault." *Id.* at 1070. It was important to the *Webber* court's ruling that there was no evidence the delay had unduly prejudiced the defendant. *Id.* at 1071.

This case is now in its twelfth month and thus even younger than *Webber* was at the time of the district court's subsequently overruled dismissal. *Id.* at 1070 (explaining dismissal with prejudice is "particularly disfavored with relatively young cases"). And although Plaintiff is representing herself, she has not caused delay or missed any deadline by an egregious margin. *See Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000) ("[O]ne missed deadline fails to rise to the level of long-standing or contumacious

3

conduct warranting dismissal."). Indeed, over the six-month period Defendant complains of, both parties have been awaiting a ruling on Defendant's Rule 12(b)(6) motion to dismiss. Moreover, Defendant has made no showing of undue prejudice that would result from denying its Rule 41(b) motion. *See Webber*, 721 F.2d at 1071 (finding a weak showing of prejudice weighed against dismissal). Therefore, a dismissal for failure to prosecute is even less warranted here than it might have been in *Webber*. *Id.* at 1070.

In any event, "the judge should not dismiss a case for failure to prosecute without due warning to the plaintiff's counsel. There should be an explicit warning in every case." *Kruger*, 214 F.3d at 787 (quotation marks and alterations omitted) (citing *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993)). In ours, Plaintiff's lack of counsel is all the more reason to warn first. Accordingly, Defendant's motion to dismiss for failure to prosecute is denied.

The Court notes, however, that Plaintiff was 19 days late in responding to Defendant's motion to dismiss for failure to state a claim. (DE 8.) Fed. R. Civ. P. 6; N.D. Ind. L. R. 7.1(a). Even when she did respond, her filing fell short of the standard to which courts hold attorneys. Recognizing Plaintiff does not have legal training, the Court calls to Plaintiff's attention that if she continues to prosecute this case without counsel, she will need to meet deadlines and otherwise make a better effort to adhere to the rules of litigation.

### B.   Defendant's Motion to Dismiss for Failure to State a Claim

#### 1.   *Legal Standard*

Defendant has also moved to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted under Rule 12(b)(6). (DE 5, 6.) The Court begins with Rule 8, under which a civil complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The Rule reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). The Rule 8(a)(2) "statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

On the other hand, "[w]hile the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *accord Twombly*, 550 U.S. at 555, 570. This means a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To meet this standard, a complaint does not need detailed factual allegations, but must go beyond "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry &*

*Neurology*, 40 F.3d 247, 251 (7th Cir. 1994) among other authorities). As the Seventh Circuit recently explained, a complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010); *see also Sanjuan*, 40 F.3d at 251 (explaining a plaintiff does not need to allege facts establishing each element of a cause of action; at the pleading stage, "the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint").

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must construe a complaint in the light most favorable to the non-moving party, draw all inferences in her favor, and accept well-pleaded facts as true. *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). This approach applies when an attorney has prepared the complaint in question.

In this case, the Court must take an even more liberal approach because Plaintiff is a non-lawyer representing herself. *Erickson*, 551 U.S. at 94 (quotation marks and citations omitted). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* And the Seventh Circuit has interpreted the explicit endorsement of *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) in *Twombly* as an indication the Supreme Court's recent decisions have not raised the bar of stating a claim, at least for "many straightforward cases." *Swanson*, 614 F.3d at 404 (discussing what the court treated as a basic discrimination case). For an apparently simple employment-discrimination case like this, it therefore continues to be

6

Seventh Circuit law that a "*pro se* complaint . . . can be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Henderson v. Sheahan*, 196 F.3d 839, 845-46 (7th Cir. 1999) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 2.   *Plaintiff's Letter*

Liberal construction is the rule not only for a *pro se* complaint, but indeed any document filed by an unrepresented lay party. *See Erickson,* 551 U.S. at 94 ("A document filed *pro se* is 'to be liberally construed,' . . . ." (quoting *Estelle*, 429 U.S. at 106)). Plaintiff filed her letter requesting to be heard, to call witnesses, and to submit documentation in support of her claim 36 days after Defendant filed its alternative motions under Rules 12(b)(6) and 12(e). (DE 8.) Plaintiff also filed two attachments with her letter. (DE 8.) The first calls itself a "written declaration" and purports to describe occurrences during Plaintiff's employment at Defendant hospital that Plaintiff apparently believes support her case.[2] (DE 8 at 2-4.) In the context of a pending motion to dismiss or for a more definite statement, Plaintiff likely submitted these materials by way of an attempted opposition. Under *Erickson*, the Court so construes them. 551 U.S. at 94.

### 3.   *Defendant's Objection to, and Motion to Strike, Plaintiff's Letter*

As a preliminary matter, the Court denies Defendant's motion to strike (DE 9, 10) for failure to comply with various procedural requirements. As Defendant is aware,

---

[2] The second document appears to be a letter from one "Dojna Galic Barr," apparently a psychiatrist, addressed to "EEOC Indianapolis District." (DE 8 at 6.) For the time being, it is unnecessary to comment further on the letter from Dojna Galic Barr.

Plaintiff is proceeding in this matter *pro se*, and "[*p*]*ro se* litigants are commonly required to comply with standards less stringent than those applied to expertly trained members of the legal profession." *Bates v. Jean,* 745 F.2d 1146, 1150 (7th Cir. 1984).

Nonetheless, the Court reminds Plaintiff that it expects her to become familiar with the rules of this Court and to abide by them to the best of her ability. The Court will disregard the factual allegations contained in Plaintiff's letter (DE 8), however, as Plaintiff has not moved to amend her complaint to include them. The Court's analysis of Defendant's Rule 12(b)(6) motion to dismiss will consider only the sufficiency of the allegations contained in Plaintiff's complaint and EEOC Charge at docket entry 1.

### 3. *Plaintiff's Title VII Claim*

The crux of Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's Title VII claim for national-origin discrimination is that Plaintiff asserts only legal conclusions unsupported by factual allegations. (DE 6.) *Swanson,* 614 F.3d 400, a recent Seventh Circuit opinion already discussed briefly, provides ample guidance for deciding Defendant's motion.

The *Swanson* court provided the following as an example of employment-discrimination allegations that contain adequate detail under modern pleading standards:

> A plaintiff who believes that she has been passed over for a promotion because of her sex will be able to plead that she was employed by Company X, that a promotion was offered, that she applied and was qualified for it, and that the job went to someone else.

8

*Id.* at 404. In *Swanson,* it was enough for a discrimination complaint to identify merely who had discriminated (a bank), on what basis (race), and when (in connection with plaintiff's efforts to obtain a home equity loan). *Id.* at 405. "This is all that [plaintiff] needed to put in the complaint." *Id.*

Plaintiff in this case asserts her supervisor and coworkers at St. Catherine harassed and discriminated against her on the basis of her national origin, continuously from August 2005 through the present. (DE 1.) That alone would meet *Swanson*'s standard. *Id.* at 405. But here Plaintiff goes still further: She identifies two alleged perpetrators of discrimination by name–supervisor Geneva Patterson and co-worker Ethel Clark. (DE 1 at 5.) She also alleges two concrete factual events that support her claim. Specifically, Plaintiff asserts a coworker punched her in June 2008 because of her national origin and that Ethel Clark made fun of her accent "because [she] was trying to explain [herself] during an incident where [she] was wrongfully suspended." (DE 1 at 3, 5.)

The motion to dismiss under Rule 12(b)(6) for failure to state a claim is therefore denied: the complaint satisfies the Seventh Circuit's minimum for an employment-discrimination case. *Swanson,* 614 F.3d at 404-05. It allows the Court to draw a reasonable inference that the allegations, if true, would make Defendant liable. *Iqbal,* 129 S.Ct. at 1949. Especially under the rule for *pro se* complaints, the motion must be denied because the complaint does not foreclose the possibility Plaintiff may prove a set of facts in support of her claim that would entitle her to relief. *Henderson v. Sheahan*, 196

F.3d at 845-46 (permitting dismissal of a *pro se* complaint under Rule 12(b)(6) "only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'" (quoting *Estelle*, 429 U.S. at 106)). And the allegations at issue suffice to give Defendant fair notice of the nature of the claim and the grounds upon which it rests. *See Erickson*, 551 U.S. at 93 (setting forth this standard).

### 4. *Plaintiff's Tort Claim*

Defendant also attacks the complaint to the extent it seeks to make Defendant liable in tort for the conduct of the St. Catherine employee who Plaintiff alleges punched her. (*See* DE 1 at 3.) It is not clear Plaintiff actually intends to sue in tort; her complaint clearly states that she is suing under Title VII, and virtually all of her allegations point to a discrimination claim, not a tort claim. (DE 1.) Nonetheless, the Court addresses Defendant's motion to dismiss a tort claim to the extent Plaintiff intended to bring one.

Defendant argues that the allegedly tortious assault, which Plaintiff claims occurred in June of 2008, is barred by Indiana's two-year statute of limitations for torts because Plaintiff did not file suit until October 12, 2010. Under Indiana law, any actions for "injury to person or character" are subject to a two-year statute of limitations. Ind. Code § 34-11-2-4 (2011). "In general, 'the cause of action of a tort claim accrues and the statute of limitations begins to run when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result

of the tortious act of another.'" *Filip v. Block,* 879 N.E.2d 1076, 1082 (Ind. 2008) (quoting *Wehling v. Citizens Nat'l Bank*, 586 N.E.2d 840, 843 (Ind. 1992)).

While "complaints need not anticipate and attempt to plead around defenses" such as the statute of limitations, *United States v. N. Trust Co.,* 372 F.3d 886, 888 (7th Cir. 2004), "[a] litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense." *U.S. Gypsum Co. v. Ind. Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003).

In this case, Plaintiff alleges she was assaulted in June of 2008. (DE 1 at 3.) As assault is defined in Indiana's Model Civil Jury Instructions, Plaintiff's allegation necessarily implies she knew of the assault when it happened. Ind. Judges Ass'n (prepared under the auspices of), Ind. Model Civil Jury Instructions, Instr. No. 3139 (LexisNexis Matthew Bender 2010) (establishing as an element of assault that plaintiff reasonably feared imminent contact). Therefore, the two-year limitations period on a tort claim for that alleged assault has run. *See Monger v. Purdue Univ.,* 953 F. Supp. 260, 263-64 (ruling the limitations period had lapsed on an Indiana assault claim because plaintiff knew she suffered the injuries at issue on the date she alleged defendant sexually harassed her). To the extent Plaintiff was attempting to bring a tort claim based on an assault alleged in her October 12, 2010, complaint, the claim was untimely and is now dismissed.

### C. Defendant's Alternative Motion for a More Definite Statement

Defendant moves, in the alternative, for a more definite statement under Rule 12(e), which applies where a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

General federal pleading requirements guide courts in considering whether to grant such a motion. As discussed above, Rule 8 sets forth a generous standard for construing claims for relief. *See* Fed. R. Civ. P. 8(a)(2) (requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief"). Also because of the availability of extensive discovery, Rule 12(e) motions are disfavored and reserved for "the rare case" where the answering party will not be able to frame a responsive pleading. *Schaedler v. Reading Eagle Publ'n, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967); *see also* Charles A. Wright & Arthur R. Miller, 5C *Federal Practice & Procedure* § 1376 (3d ed. 2011) ("the pleading must . . . be so vague or ambiguous that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b)"). Thus, courts seldom grant these motions unless the complaint is downright unintelligible or the heightened requirements of Rule 9(b) apply. *See, e.g., Bank of Am. Leasing & Capital, LLC v. Global Group, Inc.*, 2:10-CV-390-WCL-PRC, 2011 WL 53088, at *1 (N.D. Ind. Jan. 7, 2011) (explaining Rule 12(e) motions are disfavored, but appropriate where plaintiff fails to satisfy Rule 9(b)); *MacNeil Auto. Prods., Ltd. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 790 (N.D. Ill. 2010) (emphasizing that motions for a more definite statement do not lie as a substitute for discovery; they should be granted only where the attacked

pleading is so unintelligible that the movant cannot respond); *Moore v. Fid. Fin. Servs., Inc.*, 869 F. Supp. 557, 559-61 (N.D. Ill. 1994) (denying a Rule 12(e) motion where discovery would allow the defendant "easily" to determine the plaintiff's contentions).

This is not one of the rare cases where the defendant is unable to frame a responsive pleading. Plaintiff has alleged she was harassed and discriminated against on the basis of her national origin by her supervisor and co-workers continuously from August 2005 through the present. (DE 1.) She explicitly identifies her supervisor Geneva Patterson and co-worker Ethel Clark as perpetrators of the discrimination. (DE 1 at 5.) And the complaint does not suggest a fraud or other cause of action subject to the more exacting standards of Rule 9(b). The Court therefore denies Defendant's Rule 12(e) motion for a more definite statement.

### III.   CONCLUSION

For the foregoing reasons, defendant's motion to dismiss or, in the alternative, for a more definite statement (DE 5) is **GRANTED** in part, and **DENIED** in part. Any tort claim stemming from the alleged June 2008 assault is dismissed; plaintiff's Title VII claim remains; and defendant's request for a more definite statement is denied**.** Defendant's motion to dismiss for failure to prosecute (DE 11) is also **DENIED**.

**SO ORDERED.**

Date: September 28, 2011     s/ Joseph S. Van Bokkelen
                             JUDGE JOSEPH S. VAN BOKKELEN
                             UNITED STATES DISTRICT COURT