UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MIRA NIKOLIĆ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Cause No. 2:10-CV-406-PRC |
| ST. CATHERINE HOSPITAL, INC., | ) |
| | ) |
| Defendant | ) |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion In Limine [DE 74] filed with the Court July 10, 2013, by Plaintiff Mira Nikolic, by counsel, and Defendant's Final Motion In Limine [DE 82] filed with the Court July 29, 2013, by Defendant St. Catherine Hospital, Inc., by counsel. The Court has also considered Defendant's Final Objections To Plaintiff's Motion In Limine [DE 86] filed with the Court July 29, 2013, and Plaintiff's Response To Defendant's Final Motion In Limine [DE 89] filed with the Court July 29, 2013.  No replies were permitted.

In determination of these issues the Court **FINDS**, **ORDERS**, **ADJUDGES**, and **DECREES**:

Federal Rule of Evidence 104 provides, in part: "Preliminary questions concerning . . . admissibility of evidence shall be determined by the Court."  Motions in Limine to exclude evidence prior to trial are subject to a rigorous standard of review.  Courts may bar evidence in limine "only when evidence is clearly inadmissible on all potential grounds." *Dartey v. Ford Motor Co.,* 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000) (quoting *Hawthorne Partners v. AT&T Tech.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)).  If evidence does not meet this standard, "the evidentiary rulings

should be deferred until trial so that questions of foundation, relevance and potential prejudice may be resolved in proper context." *Id.* (quoting *Hawthorne*, 831 F. Supp. at 1400).

In this Order the Court is not making final determination on the admissibility of any evidence. The Court reserves the right to change these rulings during the trial should the Court find that the evidence or arguments at trial justify such change.

1.   Plaintiff Mira Nikolic's need for a language interpreter or her lack of English language ability.

RULING:   The Plaintiff's Motion In Limine is **DENIED** in this regard.

2.   Plaintiff Mira Nikolic's prior litigation.

RULING:   The Plaintiff's Motion In Limine is **GRANTED** in this regard.

3.   Evidence relating to any claim other than national origin discrimination.

RULING:   The Defendant's Final Motion In Limine is **DENIED** in this regard. Plaintiff Mira Nikolic is prosecuting two claims in her Amended Complaint – one alleging national origin discrimination, the other alleging hostile work environment..

4.   Evidence relating to events prior to October 12, 2008 (outside the statute of limitations time period).

RULING:   The Defendant's Final Motion In Limine is **DENIED** in this regard.

5. Lay evidence regarding Plaintiff Mira Nikolic's mental, emotional, or psychological condition.

RULING: The Defendant's Final Motion In Limine is **DENIED** in this regard. See F.R.E. 701.

6. Hearsay evidence.

RULING: The Defendant's Final Motion In Limine is **DENIED** in this regard. It is denied because these concerns are addressed by the Federal Rules of Evidence (so they need not be a matter for a Motion In Limine).

7. Evidence relating to Plaintiff Mira Nikolic's EEOC charge of discrimination.

RULING: The Defendant's Final Motion In Limine is **GRANTED** in this regard.

8. Evidence regarding Defendant's financial condition.

RULING: The Defendant's Final Motion In Limine is **GRANTED** in this regard for the reason that the Plaintiff Mira Nikolic has no objection to it being granted.

9. Evidence of settlement negotiations or offers of compromise.

RULING: The Defendant's Final Motion In Limine is **GRANTED** in this regard.

10. Evidence relating to other lawsuits or discrimination charges filed against Defendant St. Catherine Hospital.

RULING: The Defendant's Final Motion In Limine is **GRANTED** in this regard.

11. Evidence relating to Plaintiff Mira Nikolic's unpleasant experiences while living in eastern Europe several years ago.

RULING: The Defendant's Final Motion In Limine is generally **GRANTED** in this regard. However, the Court will likely permit brief, limited such evidence in general which directly relates to the issue of Plaintiff Mira Nikolic's mental, emotional, or psychological injury.

12. Expert testimony relating to Plaintiff Mira Nikolic's mental, emotional, or psychological condition.

RULING: The Defendant's Final Motion In Limine is **GRANTED** in this regard.

Wherefore, the Plaintiff's Motion in Limine [DE 74] is **GRANTED in part** and **DENIED in part**. The Defendant's Final Motion in Limine [DE 82] is **GRANTED in part** and **DENIED in part**.

So **ORDERED** this 2nd day of August, 2013

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record