# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MIRA NIKOLIĆ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:10-CV-406-PRC |
| ) | |
| ST. CATHERINE HOSPITAL, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Petition for Attorney's Fees and Expenses [DE 114], filed by Plaintiff on September 6, 2013, and Defendant's Response to and Motion to Strike Plaintiff's Petition for Attorney's Fees [DE 117], filed by Defendant on September 16, 2013.

## FACTUAL BACKGROUND

On November 2, 2009, Plaintiff Mira Nikolić filed a Charge of Discrimination with the EEOC and the Indiana Civil Rights Commission alleging discrimination based on national origin. She received a right to sue notice on July 13, 2010. On October 12, 2010, Plaintiff, proceeding *pro se*, filed a Complaint alleging workplace discrimination on the grounds of national origin under Title VII of the amended Civil Rights Act of 1964.

On September 28, 2011, the Court denied Defendant's motions for more definite statement and dismissal for failure to prosecute, but granted Defendant's motion to dismiss Plaintiff's tort claim stemming from an alleged June 2008 assault. On October 10, 2011, Defendant filed an Answer. On November 9, 2011, counsel entered their appearance on behalf of Plaintiff.

On April 12, 2012, Plaintiff filed, with leave of Court, an Amended Complaint adding a state law claim for negligent retention and supervision. On May 1, 2012, Defendant filed an Amended

Answer to Plaintiff's Amended Complaint. On July 11, 2013, the Court granted in part Defendants' Motion for Summary Judgment as to Plaintiff's state law claim for negligent retention and supervision. A jury trial began on August 12, 2013, on Plaintiff's claims of National Origin Discrimination in violation of Title VII. On August 16, 2013, a jury verdict was returned in Plaintiff's favor, awarding her damages for her claim of a hostile work environment under Title VII.

On September 6, 2013, Plaintiff filed the instant Plaintiff's petition for Attorney's Fees and Expenses, requesting attorney's fees and costs pursuant to 42 U.S.C. § 2000e-5(k). On September 16, 2013, Defendant filed a response and the instant Motion to Strike. On September 23, 2013, Plaintiff filed a reply in support of her petition and a response to the Motion to Strike. On September 30, 2013, Defendant filed a reply in support of its Motion to Strike.

## ANALYSIS

### I. Motion to Strike

Defendant moves the Court to strike Plaintiff's petition for fees on the grounds that it was untimely. Federal Rule of Civil Procedure 54(d) requires a motion for attorney's fees be made within fourteen days of entry of judgment. Fed. R. Civ. P. 54(d)(2)(B). In this case, counsel for Plaintiff moved for attorney fees on August 20, 2013, in open court. The Court requested that counsel for Plaintiff file a petition itemizing and verifying the requested expenses, but did not set a specific deadline for its filing. The instant Petition was filed on September 6, 2013. Plaintiff's initial request for fees and expenses was timely, and counsel for Plaintiff asserts that the delay in filing the petition was partly due to discussions with counsel for Defendant in attempt to reach an agreement about the fee amount. Even assuming a fourteen day deadline for filing the documents in support of her motion for fees, the delay was brief, in good faith, and did not prejudice Defendant.

*See McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)). Accordingly, the Court hereby **DENIES** Defendant's Motion to Strike and will consider the petition for fees on its merits.

## II. Petition for Fees and Costs

In the instant Petition, Plaintiff requests an award of $74,592.50 in compensation for attorney and paralegal time. Plaintiff requests a rate of $225 per hour for Attorneys Keith and Sedia, $300 per hour for Attorney Rubino, and $85 per hour for Paralegal Ivanov. Plaintiff also requests $7,158.94 in expenses, although the Court notes that Plaintiff has not completed AO Form 133, as required by Local Rule 54-1, or otherwise indicated which expenses are included as part of her attorneys' fees claim and which are properly billed as costs under Federal Rule of Civil Procedure 54.

### A. Attorneys' Fees

Under Title VII, the prevailing party is authorized to recover reasonable attorneys' fees. 42 U.S.C. § 2000e-5(k). Federal Rule of Civil Procedure 54(d) provides that the Court may award costs to the prevailing party and "[28 U..S.C.] § 1920 defines the term 'costs' as used in Rule 54(d)." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2001-02 (2012) (quoting *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441(1987); Fed. R. Civ. P. 54(d)(1)). § 1920 provides that the costs that may be recovered are: (1) fees of the clerk; (2) fees for transcripts; (3) printing and witness fees; (4) copies; (5) docketing fees; and (6) fees for experts and interpreters. 28 U.S.C. §1920.

1. <u>Attorneys' Rates</u>

"When determining the reasonableness of attorneys' fees, a 'lodestar' analysis, which multiplies the attorneys' reasonable hourly rates by the number of hours reasonably expended, is

typically the starting point." *A. Bauer Mech., Inc. v. Joint Arb. Bd.*, 562 F.3d 784, 793 (7th Cir. 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003)). "A reasonable hourly rate should reflect the attorney's market rate, defined as 'the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question.'" *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001) (quoting *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 407 (7th Cir. 1999). Defendant objects to Plaintiff's attorneys' rates of $225.00 per hour for attorneys Sedia and Keith and of $300 per hour for Attorney Rubino. Plaintiff argues that the attorneys' hourly rates are reasonable.

The best evidence of an attorney's market rate is his or her actual billing rate for similar work. *Johnson v. GDF, Inc.*, 668 F.3d 927, 933 (7th Cir. 2012). "[T]he burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); *see also Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011). "If the fee applicant satisfies this burden, the burden shifts to the other party to offer evidence that sets forth 'a good reason why a lower rate is essential.'" *Pickett*, 664 F.4d at 640 (quoting *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1313 (7th Cir.1996)).

In this case, Plaintiff has described her counsels' actual billing rates for this and similar litigation. She has also included an affidavit that contains testimony addressing the common and reasonable rates for attorneys in the Lake County, Indiana, area handling matters for pubic entities, including Title VII suits, and concluding that Plaintiff's attorneys' rates are commensurate with

4

others in the region. Plaintiff also provides the Laffey Matrix and the U.S. Consumer Law Survey Report, indices that have been consulted by courts in this district in determining the reasonableness of attorneys' hourly rates. The rates charged by Attorney Sedia, Attorney Keith, Attorney Rubino, and Paralegal Ivanov are less than the rates for professionals of equivalent experience summarized in both the Laffey Matrix, which describes legal fees in the Washington, D.C., area, and in the Consumer Law Survey for the Mid West region. *Pickett*, 664 F.3d at 648 (recognizing that "the Consumer Price Index and the Laffey Matrix . . . can assist the district court with the challenging task of determining a reasonable hourly rate"). The Court finds that counsel for Plaintiff have met their burden to produce satisfactory evidence that their rates are in line with the market rate.

Defendant attaches affidavits from attorneys in the community describing their own rates. Defendant also argues, without citation to authority, that the rates of Plaintiff's attorneys are too high because they either do not have or did not provide a description of their expertise in employment law or jury trial experience. However, an attorney's standard hourly rate is the presumptive rate, and "[a] judge who departs from this presumptive rate must have some reason other than the ability to identify a different average rate in the community." *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1151 (7th Cir. 1993). The Court also notes that the purported lack of expertise did not make the work of Plaintiff's attorneys notably less successful. In short, Defendant has not meet its burden of "establish[ing] a good reason why a lower rate is essential." *Id.*; *see also People Who Care*, 90 F.3d at 1313.

2. Number of Hours Billed

In addition to objecting to the rates charged, Defendant challenges the number of hours billed by each of Plaintiff's attorneys, arguing that some of the activities in the petition should not be

included. "In determining the reasonable number of hours, the court should exclude hours that are 'excessive, redundant or otherwise unnecessary.'" *Small*, 264 F.3d at 708 (quoting *Hensley*, 461 U.S. at 434).

Defendant requests that the Court deny compensation for 70 of the 78.10 hours billed by attorney Nicole Keith. First, Defendant argues that Attorney Keith should not be compensated for her attendance at trial. Defendant argues that she did not have a speaking role during the trial, so her attendance as a second-chair attorney was unnecessary, unreasonable, and redundant. Defendant argues that Attorney Keith was at trial only to observe and occasionally confer with Attorney Sedia, and that since she has no experience with employment discrimination cases her attendance should only be considered a learning experience. Defendant also argues that the time Attorney Keith spent in trial preparation was unnecessary since she did not actively participate in the jury's presence in trial, and that, since only Attorney Sedia spoke when the jury was present, Attorney Keith need not have attended trial or pretrial conferences. Plaintiff argues that Attorney Keith, a licensed attorney, participated in trial, drafting witness questions and participating in arguments outside the hearing of the jury, and was very involved in trial preparation. The Court finds no reason to assume that Attorney Keith did not do the work she claimed to do in this case and will not discount her hours as Defendant requests.

Defendant argues that Attorney Rubino should receive no reimbursement for his time on the case because the time he billed was for meetings at which other attorneys were also present. Plaintiff argues that the meetings were important for case development. Attorney Rubino has many years of litigation experience, and the Court will not require all attorneys to act as sole practitioners and will not exclude the hours worked by Attorney Rubino.

Defendant also objects to a number of actions billed by Paralegal Ivanov, including photocopying, creating exhibit books, and attendance at trial, arguing that these tasks should be considered part of office overhead or could be performed by someone charging a lower rate. Plaintiff argues that the work Paralegal Ivanov performed at trial required knowledge beyond that of a secretary, as did preparation of the exhibit books. Plaintiff does not address the photocopying charge. Accordingly, the Court will decrease the charge for photocopying to the secretarial rate of $35 per hour. Because the work at trial and the creation of exhibit books require knowledge beyond that of a secretary, the Court concludes that the paralegal rate is appropriate for those tasks.

Defendant also objects to the time Attorneys Keith and Sedia billed for learning to use the courtroom equipment. Although the Court appreciates that Plaintiff's counsel took the time to familiarize themselves with the courtroom in preparation for trial, the Court agrees that this time is more appropriately considered training or part of office overhead expenses. Accordingly, the Court will reduce the amount billed by Attorney Sedia by $270.00 and the amount billed by Attorney Keith by $337.50.

Accordingly, the total amount allowed for attorney and support staff is as follows:

| | |
|---|---|
| Attorney Sedia: | $49,477.50 |
| Attorney Keith: | $17,235.00 |
| Attorney Rubino: | $1,440.00 |
| Paralegal Ivanov: | $5,567.50 |
| Secretarial time: | $105.00 |
| Total time: | $73,825.00 |

    3.    <u>Other Fees</u>

Several of the items on Plaintiff's Petition are not allowable costs but are potentially recoverable as part of the attorney fees. *See, e.g., Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir. 1997); *Bats Inc. v. Vector Pipeline, LP.*, 222 F.R.D. 356, 359 (N.D. Ind. 2004). The Court will address each in turn.

Plaintiff may not recover attorney expenses such as food and mileage as part of her bill of costs under Rule 54, although these costs may sometimes be included as part of an attorneys' fee award. *Calderon*, 112 F.3d at 276 ("[T]ravel and related expenses by attorneys and paralegals . . . are not listed in 28 U.S.C. § 1920 and therefore may not be reimbursed as costs. They are nonetheless reimbursable-but as part of the award for attorneys' fees, because travel and meal expenses are the sort of things that a lawyer includes with a bill for professional services."). In this case, however, Plaintiff has not described why she is requesting reimbursement for a single meal for Attorney Sedia on August 21, 2013, or why she is entitled to recover both mileage expenses and an hourly rate for the time spent in travel. The Court concludes that these amounts are not reasonable in this case and therefore will not include these items as part of Plaintiff's award of attorneys' fees.

Charges for online legal research are recoverable as part of attorneys' fees, *see, e.g., Haroco, Inc. v. Am. Nat. Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1440 (7th Cir. 1994); *Borom v. Town of Merrillville*, 857 F. Supp. 2d 785, 792 (N.D. Ind. 2012); and Defendant has not objected to them here. The Court will therefore allow these charges in the amount of $245.12, for a total lodestar amount of $74,070.12.

4. <u>Reduction of Lodestar</u>

Defendant argues that Plaintiff improperly seeks recompense for time spent on claims that were not successful, since Plaintiff was only successful on her hostile work environment claim.

8

"Once the district court reaches an amount using the lodestar determination, it may then adjust that award in light of the plaintiff's 'level of success.'" *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 557 (7th Cir. 1999). A reduction may be appropriate because in a case where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Hensley*, 461 U.S. at 436. For this reason, "the district courts both can and should look to the degree of success a party achieves in deciding how generous a fee award should be." *Shea v. Galaxie Lumber & Const. Co.*, 152 F.3d 729, 736 (7th Cir. 1998). Defendant argues that the Court should reduce the lodestar amount by 50% to account for that lack of success. Plaintiff argues that the lodestar amount should not be reduced because her claims were inseparable and she obtained more than nominal damages.

The jury awarded Plaintiff only $14,000, far less than her asserted wage loss of $189,771.67. "[A]lthough the fee award need not be proportionate to the amount of damages a plaintiff actually recovers, it is a factor that a court should consider when contemplating a reduction of the modified lodestar amount." *Spegon*, 175 F.3d at 558 (citing *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986)). Plaintiff was successful on one of her two Title VII claims, but received an award in an amount far less than she requested. Accordingly, the Court concludes that it is appropriate to reduce the lodestar amount by half to reflect Plaintiff's limited success. *See Spegon*, 175 F.3d at 558 (citing *Hensley*, 461 U.S. at 436-7). Plaintiff will therefore be awarded $37,035.06 in attorneys' fees.

5. <u>Costs</u>

9

As described above, Plaintiff can only recover for costs described in 28 U.S.C. §1920. In addition, "to award costs to a prevailing party, the court must determine that the expenses are allowable cost items and that the amounts are reasonable and necessary." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991). The Court will award Plaintiff's requested docketing fees, fees for accessing medical records, and witness fees, all of which are allowed costs under Rule 54(d) and 28 U.S.C. §1920 and to which Defendant does not object.

Plaintiff also includes a number of postage and facsimile costs without indicating what was being delivered or why those charges should be recoverable. In general, postage, telephone, and facsimile charges are not recoverable as costs under 28 U.S.C. §1920. *See, e.g., Borom*, 857 F. Supp. 2d at 792; *Angevine v. WaterSaver Faucet Co.*, No. 02 C 8114, 2003 WL 23019165, at *9 (N.D. Ill. Dec. 23, 2003) (collecting cases). Plaintiff gives no indication that there were any special circumstances in this case that would make it appropriate to award postage or facsimile costs. Indeed, Plaintiff provides no real description of these costs or why she believes that they are recoverable under the applicable law. Accordingly, the Court cannot conclude that these expenses are reasonable and will not include them in the award of costs.

Defendant objects to the rate of $0.50 per page for black and white copies. Plaintiff argues, without citation, that she should not be limited to a reasonable and customary fee for copying because the standard rate in the area would not reflect counsel for Plaintiff's actual copying costs. This argument is directly contrary to Seventh Circuit Court of Appeals precedent. *See, e.g., Haroco*, 38 F.3d at 1441 ("charges for in-house reproduction may not exceed the charges of an outside print shop") (quoting *Martin v. United States,* 931 F.2d 453, 455 (7th Cir.1991)). Furthermore, Plaintiff

has failed to provide any description of whether or how most of "the copies [we]re necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Plaintiff indicated that some of the copies were related to discovery responses, and these are recoverable, but the Court cannot ascertain the purpose for the majority of Plaintiff's charges. *See, e.g, Se-Kure Controls, Inc. v. Vanguard Products Grp., Inc.*, 873 F. Supp. 2d 939, 947 (N.D. Ill. 2012) ("A prevailing party may recover costs for copies of materials that were 'necessarily obtained for use in the case.' This includes costs for copies related to discovery and copies of pleadings, motions, and memoranda submitted to the court, but it does not include copies made solely for the convenience of counsel.") (quoting 28 U.S.C. § 1920(4)) (citing *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir.1990)) (other citation omitted); *Alexander v. CIT Tech. Fin. Servs., Inc.*, 222 F. Supp. 2d 1087, 1089 (N.D. Ill. 2002) (same). Although Plaintiff "was not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs," she "was required to provide the best breakdown obtainable from retained records." *Northbrook Excess*, 924 F.2d at 643. Plaintiff included no such breakdown for most of the photocopy charges. Accordingly, Plaintiff must file supplemental authority providing an appropriate cost per page for her photocopies, including documentation thereof; an indication of what types of documents were being copied and their purpose; and how many copies of each document were made. Although the bill for copying costs need not be exhaustively detailed, it should give the Court enough information to ascertain the general purpose and number of the copies.

Defendant also argues that Plaintiff has failed to include sufficient documentation or invoices to establish the costs for the court reporters or interpreters. Although fees for transcripts, experts, and interpreters are reimbursable under 28 U.S.C. §1920, Defendant argues that Plaintiff's bare

11

assertion that a cost was paid is insufficient for an assessment of those costs. Plaintiff argues that she included an affidavit from her attorneys' bookkeeper stating that she disbursed payments to court reporters and interpreters, but does not include any invoices, a summation of their hourly rate, the number of hours worked, or other documentation of how the cost was determined. She has not provided enough information for the Court to determine whether these payments were reasonable. Accordingly, the Court will provide an opportunity for Plaintiff to submit documentation of these costs, including sufficient information for the Court to determine whether the amounts are reasonable and necessary, and will allow Defendant seven days after the filing of that documentation to file a response. A reply is discouraged.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS in part** and **TAKES UNDER ADVISEMENT in part** Plaintiff's Petition for Attorney's Fees and Expenses [DE 114], and **DENIES** Defendant's Motion to Strike Plaintiff's Petition for Attorney's Fees [DE 117]. The Court hereby **ORDERS** Defendant to pay Plaintiff $37,035.06 in attorneys' fees. The Court further **ORDERS** Plaintiff to file, on or before **December 11, 2013**, AO Form 133 along with a brief memorandum addressing her costs claimed pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. §1920, including sufficient description and documentation to allow the Court to determine whether the costs are necessary and reasonable. Defendant may file its response, if any, on or before **December 18, 2013**.

SO ORDERED this 26th day of November, 2013.

                s/ Paul R. Cherry
                MAGISTRATE JUDGE PAUL R. CHERRY
                UNITED STATES DISTRICT COURT

cc: All counsel of record