# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

MIRA NIKOLIĆ,                        )
                                     )
    Plaintiff,            )
                                     )
    v.                    )        CAUSE NO.:  2:10-CV-406-PRC
                                     )
ST. CATHERINE HOSPITAL, INC.,        )
                                     )
    Defendant.            )

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Bill of Costs [DE 126] and Plaintiff's Brief in Support of Her Bill of Costs [DE 127], filed by Plaintiff on December 11, 2013, in support of Plaintiff's Petition for Attorney's Fees and Expenses [DE 114].

## FACTUAL BACKGROUND

On November 2, 2009, Plaintiff Mira Nikolić filed a Charge of Discrimination with the EEOC and the Indiana Civil Rights Commission alleging discrimination based on national origin. She received a right to sue notice on July 13, 2010.  On October 12, 2010, Plaintiff, proceeding *pro se*,  filed a Complaint alleging workplace discrimination on the grounds of national origin under Title VII of the amended Civil Rights Act of 1964.

On September 28, 2011, the Court denied Defendant's motions for more definite statement and dismissal for failure to prosecute, but granted Defendant's motion to dismiss Plaintiff's tort claim stemming from an alleged June 2008 assault.  On October 10, 2011, Defendant filed an Answer.  On November 9, 2011, counsel entered their appearance on behalf of Plaintiff.

On April 12, 2012, Plaintiff filed, with leave of Court, an Amended Complaint adding a state law claim for negligent retention and supervision.  On May 1, 2012, Defendant filed an Amended

Answer to Plaintiff's Amended Complaint. On July 11, 2013, the Court granted in part Defendants' Motion for Summary Judgment as to Plaintiff's state law claim for negligent retention and supervision. A jury trial began on August 12, 2013, on Plaintiff's claims of National Origin Discrimination in violation of Title VII. On August 16, 2013, a jury verdict was returned in Plaintiff's favor, awarding her damages for her claim of a hostile work environment under Title VII.

On September 6, 2013, Plaintiff filed Plaintiff's Petition for Attorney's Fees and Expenses, requesting attorney's fees and costs pursuant to 42 U.S.C. § 2000e-5(k). On November 26, 2013, the Court granted in part Plaintiff's request for attorneys' fees and took under advisement Plaintiff's request for costs, ordering additional briefing and documentation. On December 11, 2013, Plaintiff filed the instant Bill of Costs and supporting documentation. On December 18, 2013, Defendant filed a response objecting to Plaintiff's costs.

## ANALYSIS

28 U.S.C. § 1920 provides that costs that may be recovered are: (1) fees of the clerk; (2) fees for transcripts; (3) printing and witness fees; (4) copies; (5) docketing fees; and (6) fees for experts and interpreters. 28 U.S.C. §1920. For the Court "to award costs to a prevailing party, the court must determine that the expenses are allowable cost items and that the amounts are reasonable and necessary." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991).

As described in its Order of November 26, 2013, the Court will award Plaintiff's requested docketing fees and witness fees, allowed costs under Rule 54(d) and 28 U.S.C. §1920 to which Defendant did not object. Defendant also does not object to Plaintiff's fees for deposition transcripts, and agrees that Plaintiff's requested photocopy costs were for copies necessarily

2

obtained for use in the case at a standard area rate of 10.3 cents per page.

Defendant objects to the time billed and the rate billed for Plaintiff's interpreter. Defendant argues that the interpreter was only used on the second and third day of trial and therefore was not necessary on the other two days of trial she attended. Plaintiff argues that the interpreter was booked for four days because of the uncertainty of how long witness testimony would take. Defendant does not assert that the interpreter was not needed at all, and it was not possible for Plaintiff to ascertain in advance exactly when the interpreter would be needed due to the uncertainty of timing of witness testimony, including cross-examination. Accordingly, the interpreter provided necessary services at trial, and the costs are recoverable for all four days of service. *See, e.g., Nat'l Diamond Syndicate v. Flanders Diamond United States*, No. 00 C 6402, 2004 WL 1557765, at *3, 2004 U.S. Dist. LEXIS 12742, at *11-12 (N.D. Ill. July 7, 2004) ("[The plaintiff] contends that the interpreter attended trial for two days due to the uncertainty of the timing of [witness] testimony in order to ensure that the interpreter was available in court to translate for the jury once Defendants completed their cross-examination of the previous witness. Because the interpreter provided necessary services at trial, these costs are recoverable.")

Defendant also objects to the interpreter's rates and argues that Plaintiff has failed to establish her certification level. However, Defendant used the same interpreter for Plaintiff's deposition and did not then object to her qualifications. Defendant also argues, without legal citation, that the Court should limit the interpreter to the rates the federal court system contracts to pay its interpreters. The Court concludes that the rate charged by the Serbian interpreter appears reasonable and appropriate.

Defendant also objects to paying the travel and lodging expenses of the interpreter,

3

particularly since, as calculated by Defendant, the interpreter lives only about an hour away from the courthouse.  The Court notes that Defendant's calculations do not take into account rush hour traffic through one of the busiest metropolitan areas in the country, and concludes that the interpreter's costs for hotel lodging are reasonable and necessary.  *See, e.g., E. Trading Co. v. Refco, Inc.*, No. 97 C 6815, 1999 WL 529569, at *6 (N.D. Ill. July 20, 1999) (allowing lodging expenses for interpreter); *Suppa v. Costa Crociere, S.p.A.*, No. 07-60526-CIV, 2008 WL 4629078, at *3 (S.D. Fla. Oct. 17, 2008) ("The Court finds that the travel and parking expenses totaling $259.00 were included in the 'compensation' of the interpreter and, therefore, such expenses will be included in the amount awarded to Defendants.").

Defendant requests that the Court reduce the amount of costs it awards since Plaintiff was not successful on all of her claims. Under Federal Rule of Civil Procedure 54(d), "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  The Seventh Circuit has repeatedly "held that under Rule 54(d) the 'prevailing party' is the party who prevails 'as to the substantial part of the litigation.'" *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985) (quoting *Best Medium Publ'g Co. v. Nat'l Insider, Inc.*, 385 F.2d 384, 386 (7th Cir. 1967)).  Although Plaintiff did not prevail on all of her claims, she did prevail as to a substantial part of the litigation and therefore will be awarded all costs that are reasonable and necessary, as described above.

The Court notes that in its Order of November 26, 2013 [DE 124] it indicated that Plaintiff was also entitled to the costs incurred for accessing medical records, but these costs do not appear on her Bill of Costs.  Plaintiff has limited her request to the $5,566.64 itemized on her Bill of Costs and in the supporting documentation, and the Court concludes that those amounts are all reasonable

4

and necessary.

### CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** the portion of Plaintiff's Petition for Attorney's Fees and Expenses [DE 114] taken under advisement on November 26, 2013, as further briefed in Plaintiff's Bill of Costs [DE 126] and Plaintiff's Brief in Support of Her Bill of Costs [DE 127]. The Court hereby **ORDERS** Defendant to pay Plaintiff $5,566.64 in costs.

SO ORDERED this 2nd day of January, 2014.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record